UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　Plaintiff,<br><br>v.<br><br>MARKQUAVIONE COTTON-JONES,<br><br>　Defendant. | Case No. 19-20232<br>Honorable Laurie J. Michelson |

## ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE [47] AND FOR APPOINTMENT OF COUNSEL [53]

After pleading guilty to possession of ammunition by a prohibited person, Defendant Markquavione Cotton-Jones was sentenced to 42-months' imprisonment in March 2021 and was permitted to start his prison term in late July 2021. (ECF Nos. 45, 46.)

Less than four months later, on November 19, 2021, Cotton-Jones filed an emergency motion for compassionate release. (ECF No. 47.) Because the motion provided no information as to exhaustion, the Court denied it without prejudice pursuant to *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). (ECF No. 48.)

Subsequently, Cotton-Jones satisfied the exhaustion requirement and asked the Court to reconsider its prior denial. (ECF No. 49.) The Court agreed to treat Cotton-Jones' motion as a renewed request for compassionate release based upon the arguments raised in his initial motion. (ECF No. 51.) Because Cotton-Jones has failed to provide extraordinary and compelling reasons for a sentence reduction, and

because such a reduction is not warranted under the § 3553(a) factors, his motion for compassionate release and for appointment of counsel are DENIED.

I.

In April 2018, law enforcement were investigating a lethal drug overdose. They received information suggesting Cotton-Jones had sold the drugs to the victim. A search warrant was executed at his home on May 10, 2018. (ECF No. 35, PageID.91.) Officers found 28 rounds of .40 caliber ammunition in the basement ceiling. (*Id.*; Presentence Report, ¶ 16.) Cotton-Jones' fingerprint was found on the packaging of the ammunition. (ECF No. 35, PageID.91.) At the time he possessed the ammunition, Cotton-Jones had previously been convicted of numerous felonies, including delivery/manufacturing controlled substances and carrying a concealed weapon in 2013, fleeing and eluding in 2015, and delivery/manufacturing marijuana and possession of a controlled substance less than 25 grams in 2016. (*Id.*)

In time, Cotton-Jones pled guilty under a Rule 11 plea agreement to possession of ammunition by a prohibited person. (ECF No. 35.) The parties agreed that the sentencing guidelines range was 46–57 months. (ECF No. 35, PageID.93.) They further agreed that the sentence would be at least 24-months and no more than the top of the guidelines range calculated by the Court. (*Id.*) At the March 9, 2021 sentencing, the Court calculated the same guidelines range and accepted the plea agreement. After considering the sentencing factors under 18 U.S.C. § 3553(a), the Court sentenced Cotton-Jones to 42-months' imprisonment. (ECF No. 45.) His report date was delayed until late July 2021. (ECF No. 46.)

Cotton-Jones is presently serving his sentence at the Milan Federal Correctional Institution. His projected release date is July 22, 2024. *Find an Inmate*, Bureau of Prisons, https://perma.cc/HL69-J9KF. Having served less than a year of his sentence, Cotton-Jones seeks a sentence reduction. (ECF No. 47.) He believes the unreasonableness of his sentence coupled with his underlying health conditions during the coronavirus pandemic constitute extraordinary and compelling circumstances entitling him to compassionate release. (ECF Nos. 47, 52.) The government disagrees. (ECF No. 56.) So does the Court.

## II.

Cotton-Jones is seeking to have his sentence reduced to time served. This is a rare remedy. Indeed, a district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is compassionate release. The compassionate release statute allows the Court to reduce a defendant's sentence if it finds, after a defendant has exhausted his administrative remedies or upon the lapse of 30 days from the receipt by the warden of a request for compassionate release, that (1) "extraordinary and compelling reasons" warrant a reduction; (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the sentencing factors under 18 U.S.C. § 3553(a), to the extent they apply, support a reduction. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). "In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to

3

define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

### A.

Cotton-Jones has satisfied the exhaustion requirement. He sought compassionate release from the Milan warden on December 31, 2021, which was denied on January 26, 2022. (ECF No. 49, PageID.187; ECF No. 50.) So the Court will consider the merits of his motion.

### B.

District courts have defined an "extraordinary and compelling reason" as "one that is 'beyond what is usual, customary, regular, or common,' and is 'so great that irreparable harm or injustice would result if [the relief] is not granted.'" *United States v. Powell*, No. 21-1262, 2021 U.S. App. LEXIS 28980, at *3–4 (6th Cir. 2021) (citing cases) (order). This is consistent with the Act's legislative history in which "[t]he Senate Judiciary Committee explained that § 3582(c)(1)(A)(i) 'applies, regardless of the length of sentence, to the unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021) (quoting S. Rep. No. 98-225, at 121).

Cotton-Jones' reasons for immediately terminating his prison sentence fail to clear this high bar.

### 1.

Cotton-Jones begins by challenging the validity of his 42-month sentence. He feels the sentence is unreasonable because the Court did not properly consider the

4

§ 3553(a) factors. (ECF No. 47, PageID.148.) In particular, his grievance seems to be that the Court did not consider his mental health. (*Id.* at PageID.147 ("Absent the determination of how the defendant's mental health played a part in the court's decision to issue the sentence that it did, it is currently impossible to say the defendant's sentence is valid.").) This argument fails for several reasons.

First, even Cotton-Jones "FULLY understands that a motion under 3582(c)(1)(A) is not the proper venue for this claim." (ECF No. 47, PageID.148 (emphasis in original).) Under the terms of his plea agreement, Cotton-Jones waived his right to appeal any sentence below 57 months. (ECF No. 35, PageID.97.) He cannot avoid this plea waiver by recasting his claim as one for compassionate release.

Relatedly, the Sixth Circuit recently ruled that "[t]he exception in § 3582(c)(1)(A)(i) is not an open-ended invitation to simply relitigate and reweigh the § 3553(a) factors based on facts that existed at sentencing." *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021). The Court further explained that "identifying 'extraordinary and compelling reasons' is a task that focuses on post-sentencing factual developments. A court must first find that the facts of the defendant's personal circumstances changed after sentencing in a way that is 'extraordinary and compelling,' before a court is permitted to weigh (or revisit) the § 3553(a) factors." *Id.* (citations omitted). So while Cotton-Jones' displeasure with the way the Court evaluated the § 3553(a) factors at his sentencing might be relevant to the other prong of the compassionate release analysis, it does not constitute an "extraordinary and compelling reason" to reduce his final sentence. *Id.*

5

Next, Cotton-Jones was sentenced below the guidelines range. That he thinks the variance should have been greater is also not extraordinary and compelling. *See United States v. Powell*, No. 12-cr-20052-2, 2021 WL 613233, at *3 (E.D. Mich. Feb. 17, 2021) (denying motion for compassionate release and explaining "[i]t should go without saying that a sentence within the Guidelines is not unusual"), *aff'd* No. 21-1262, 2021 WL 7540172 (6th Cir. Sept. 23, 2021).

Lastly, Cotton-Jones' argument misrepresents the facts. The Court thoroughly analyzed the relevant sentencing factors and made repeated reference to Cotton-Jones' mental-health issues and challenges. The fact that he had finally started to comply with his treatment regimen while on bond was one of the reasons the Court granted a downward variance.

In sum, Cotton-Jones' "feeling" that his sentence was "unreasonable" (ECF No. 47, PageID.148), is not an extraordinary and compelling reason entitling him to a sentence reduction.

### 2.

Cotton-Jones next focuses on his medical conditions. They fare no better in creating an extraordinary and compelling reason.

Cotton-Jones has a bullet in his left arm. He believes that "due to the presence of this foreign object in the body, [his] immune system is compromised." (ECF No. 47, PageID.148.) And, as a result, he is susceptible to more severe illness should he get COVID-19. But this appears to be a self-diagnosis. Cotton-Jones provides no medical records, evaluations, or diagnoses to suggest he has a compromised immune system.

Nor has he provided any evidence to suggest that the COVID vaccines do not provide protection to individuals with bullets or other foreign objects in their bodies, like joint pins and screws. And the CDC does not recognize this ailment as potentially increasing an individual's risk of contracting COVID-19. *People with Certain Medical Conditions*, Centers for Disease Control, https://perma.cc/LJ6U-BDBD.

Irrespective of the state of his immune system, Cotton-Jones has been diagnosed with hypertension, obesity, and Type II diabetes. (ECF No. 47, PageID.148; ECF No. 57-1, PageID.276.) And, unlike the bullet, these are conditions that the Centers for Disease Control and Prevention indicate can increase the risk of severe illness from COVID-19. *People with Certain Medical Conditions*, Centers for Disease Control, https://perma.cc/LJ6U-BDBD. But Cotton-Jones' blood pressure and diabetes are being monitored, and he is receiving medications. (ECF No. 47, PageID.155–158, 181; ECF No. 57-1.) He has been counseled to lose weight, exercise, and consume a low salt diet. (*Id.* at PageID.155, 181.) "[C]ourts 'routinely' decline to grant compassionate release where an inmate's hypertension can be well-managed through medication." *United States v. Tolbert*, No. 13-20160, 2021 WL 6112177, at *3 (E.D. Mich. Dec. 27, 2021).

Additionally, Cotton-Jones is only 27 years old. He is housed at a facility that presently has no positive inmate or staff cases of COVID-19. *COVID-19*, BOP, https://perma.cc/S47A-6EUC. Most important, he has received the Janssen vaccine (after refusing the Pfizer vaccine), which greatly reduces the risk of severe illness and death. *See COVID-19 Vaccines Work*, CDC, https://perma.cc/5EAD-7UPN. Indeed,

7

the Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction" even when the defendant has "underlying medical conditions coupled with the risk of contracting COVID-19." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (holding the same for a prisoner who has been vaccinated).

This precedent applies to inmates, like Cotton-Jones, who have hypertension, Type II diabetes, and are considered obese. *See, e.g., United States v. Alokwu*, Nos. 21-2676/2677, 2022 U.S. App. LEXIS 818, at *3–4 (6th Cir. Jan. 11, 2022) (affirming denial of motion for compassionate release for 60-year-old defendant who was obese and had hypertension and pre-diabetes because his full vaccination substantially reduced his risk of becoming seriously ill from COVID-19); *United States v. Knight*, No. 21-2781, 2022 U.S. App. LEXIS 479, at *4 (6th Cir. Jan. 6, 2022) (reiterating that the significant risks associated with COVID-19 in prison are considerably reduced by vaccination, even for an unvaccinated prisoner with asthma, pre-diabetes, and obesity); *United States v. Boblett*, No. 21-5537, 2021 U.S. App. LEXIS 31128, at *2 (6th Cir. Oct. 15, 2021) (affirming denial of compassionate release motion for vaccinated defendant who had obesity, Type II diabetes, carpal tunnel syndrome, asthma, and hypertension). These relatively common medical conditions do not warrant a reduction in Cotton-Jones' sentence.

8

In his supplemental brief, Cotton Jones identifies a new medical condition. He advises that he suffered a seizure in February 2022. (ECF No. 52, PageID.193–94.) He says his new undiagnosed seizure disorder and lack of adequate medical care by the BOP are extraordinary and compelling circumstances. (*Id.*) But one seizure does not constitute a disorder. And, again, Cotton-Jones provided no medical records supporting his diagnosis. (The government did provide medical records, and they reveal a suspected drug overdose as the cause of his seizure. (ECF No. 57-2, PageID.321; ECF No. 57-3, PageID.367.)) Whatever caused the seizure, Cotton-Jones was adequately treated by the BOP. He was initially given Narcan and improved rapidly. (ECF No. 57-2.) He was then sent to a local emergency department for further treatment and monitoring. (ECF No. 57-3.) He also had a follow-up visit with medical staff where there were no abnormal findings. (ECF No. 57-2, PageID.317–18.)

Thus, there is nothing about Cotton-Jones' medical conditions or the care he is receiving at Milan that warrants his compassionate release from prison.

## C.

Even if extraordinary and compelling reasons existed, the relevant § 3553(a) factors do not support Cotton-Jones' release. *See Ruffin*, 978 F.3d at 1008 ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling reasons would otherwise justify relief.'").

Cotton-Jones has an extensive criminal history. This case represents his seventh felony conviction. It involved troubling drug activity and possession of a significant amount of ammunition. Many of his other convictions also involved drug

9

and firearm possession and other dangerous conduct. He has violated probation on several occasions and been arrested several times in connection with assaultive conduct. He is currently assessed by the BOP to be at a high risk of recidivism. (ECF No. 57-4, PageID.378.) Cotton-Jones also struggled to engage in mental health treatment while on bond. The Court mentioned at sentencing several of the prior sentencing breaks he had received and how they had failed to deter his criminal conduct. Even in this case, he received a below guidelines sentence. To reduce the sentence even further to time served would not reflect the seriousness of the offense, promote respect for the law, or provide adequate deterrence, punishment, or protection of the public.

## III.

For all of these reasons, Cotton-Jones' emergency motion for compassionate release and motion for appointment of counsel to pursue the same are DENIED.

IT IS SO ORDERED.

Dated: April 25, 2022

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE