UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>MARKQUAVIONE COTTON-JONES,<br><br>　　Defendant. | Case No. 19-20232<br>Honorable Laurie J. Michelson |

**ORDER DENYING MOTION FOR EARLY TERMINATION OF
SUPERVISED RELEASE [64]**

After pleading guilty to possession of ammunition by a prohibited person, Markquavione Cotton-Jones was sentenced to 42 months' imprisonment and two years of supervised release in March 2021. (ECF No. 45.) He began his supervised release on August 21, 2024. Having completed a little over half his term, Cotton-Jones now seeks to terminate his supervision early so he can work in the Western District of Michigan. (ECF No. 64.) Cotton-Jones advises that he is employed, has not committed any crimes, and has been following the conditions of his supervision. (*Id.*)

These efforts during year one are commendable and bode well for his future. But given the difficulties of Cotton-Jones' past and some challenges in complying with the special conditions of his supervision (ECF No. 45, PageID.141), more time under supervision would be beneficial. Thus, Cotton-Jones' motion is DENIED.

**I.**

After a defendant has served at least one year, the court may terminate a term of supervised release if satisfied that termination is both "warranted by the conduct of the defendant" and in the "interest of justice." 18 U.S.C. § 3583(e)(1); *see United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) ("[A] district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice."). In making this determination, the statute directs the Court to consider many of the same § 3553(a) factors that were considered in imposing the initial sentence, including the nature and circumstances of the offense, the defendant's history and characteristics, deterrence, protection of the public, and the need to provide the defendant with training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3583(e)(1). The Sixth Circuit has ruled that "§ 3583(e)(1) does not require a finding of exceptionally good behavior before a district court may grant a motion for early termination of supervised release, though such behavior remains a relevant consideration." *United States v. Hale*, 127 F.4th 638, 642 (6th Cir. 2025).

**II.**

While the Court recognizes and appreciates that Cotton-Jones has remained employed, free of new charges, and mostly compliant with his conditions of supervised release, that is the baseline of what is expected of a defendant under the Court's supervision. In other words, "[f]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and

2

does not warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); *see also United States v. Robinson*, No. 15-20472, 2025 U.S. Dist. LEXIS 185873, at *6 (E.D. Mich. Sept. 22, 2025) (denying early termination of supervised release and reasoning that "compliance is expected, not exceptional behavior" and that the defendant failed to offer sufficient justification to reduce the "punishment" imposed at sentencing, which included a term of supervised release).

And the Court has reason to believe that additional supervision remains in the interest of justice. First, Cotton-Jones' supervising probation officer has advised the Court that a personal protection order was entered against Cotton-Jones in September after he allegedly sent threatening text messages to his ex-wife. Second, while Cotton-Jones has provided evidence of his employment with Power Automotive Dealership, he has yet to provide proof of his income to his probation officer, despite several requests for the information. Third, probation has also not received any proof that Cotton-Jones has participated in educational and/or vocational training programs, as required by the terms of his supervision. (ECF No. 45, PageID.141.) And his work hours have prevented him from enrolling in a cognitive behavioral therapy program, also required by his release terms (*id.*). Finally, continued supervision will allow Cotton-Jones to receive extended assistance with his mental health issues.

The Court understands that, as part of his employment, Cotton-Jones would like more freedom to travel the state, and perhaps the country, to buy and sell used cars for his employer. But this travel limitation does not preclude his employment.

3

Plus, Cotton-Jones is free to seek permission to travel out of the District and to make the necessary arrangements with his probation officer.

Moreover, continued supervision will help Cotton-Jones stay the course, providing not only a great benefit to him, but also furthering the important § 3553(a) goals of deterrence, protection of the public, and providing Cotton-Jones with needed treatment and training. Indeed, the Court recognized the importance of a two-year term of supervision when it sentenced Cotton-Jones to a below-guidelines-range sentence. Cotton-Jones has an extensive criminal history. The underlying conviction here involved troubling drug activity and possession of a significant amount of ammunition. Cotton-Jones has struggled with probation compliance in the past. And he is currently supervised as a high risk/category II for recidivism/violence.

In sum, the Court sees little downside and helpful upside in maintaining Cotton-Jones on supervision to aid in his continued rehabilitation. He is working on doing what is expected of him; likewise, supervision is providing the benefits expected of it. *See, e.g.*, *United States v. English*, No. 19-20164, 2025 U.S. Dist. LEXIS 16243, at *3–4 (E.D. Mich. Jan. 29, 2025) ("While English's compliance is admirable and appropriate, his prior criminal history as well as the fact that he received a substantial reduction in his custody term . . . suggest that continued supervision would be in the best interest of justice. His conditions are not burdensome and permit that his conduct may be monitored to assure his compliance."); *United States v. Kennedy*, No. 16-20465, 2025 U.S. Dist. LEXIS 70659, at *6 (E.D. Mich. Apr. 14, 2025)

("[I]n the Court's observation, a large portion of [defendant's] success is attributed to him being on supervised release.").

At this time then, the Court prefers to treat Cotton-Jones' rehabilitation as ongoing rather than completed. Again, the Court imposed a two-year term of supervised release "for valid reasons," including to ensure adequate deterrence, protection of the public, and correctional treatment for Cotton-Jones. *See United States v. D'Anna*, No. 13-20119, 2020 U.S. Dist. LEXIS 24150, at *2 (E.D. Mich. Feb. 12, 2020).

### III.

Thus, the Court finds that the interests of justice and relevant sentencing factors favor continuation of supervised release. Accordingly, Cotton-Jones' motion to terminate supervised release early (ECF No. 64) is DENIED.

SO ORDERED.

Dated: October 14, 2025

                        s/Laurie J. Michelson
                        LAURIE J. MICHELSON
                        United States District Judge